# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>PASCUAL SAUCILLO,<br><br>      Defendant. | No. CR03-4018-MWB<br><br>**REPORT AND RECOMMENDATION** |

On August 5, 2011, the defendant filed a "Post Conviction Motion Pro Se under Apprendi's Law to Dismiss with Supporting Memorandum of Law." Doc. No. 69. The motion appears to be on a standard form, with the defendant's name typed in on a blank space on the first page.

On July 31, 2003, the defendant pled guilty to two drug charges filed against him in this case. Doc. No. 34. Judgment was entered against him on December 23, 2003 (Doc. No. 44), and he was sentenced to 135 months in prison. He did not appeal. On December 2, 2004, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. No. 56. The motion was denied on February 14, 2007. Doc. No. 65. Now, four and one-half years later, he is attempting to mount a new challenge to his conviction by filing a motion to dismiss the indictment, contending that the indictment failed to allege drug type and quantity in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000), which held that any fact that increases a sentence beyond the statutory maximum, other than the fact of a prior

conviction, must be pled and proven before a jury beyond a reasonable doubt. The motion to dismiss has been referred to the undersigned for a report and recommendation.

This court recommends that the defendant's motion to dismiss the indictment be construed as a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (per curiam) (postconviction motion filed by defendant convicted of multiple drug trafficking offenses seeking dismissal of indictment after district court's denial of § 2255 motion was properly construed as successive motion to vacate). Section 2255 provides as follows:

> A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3).

The defendant has cited the court to no authorization by the Eighth Circuit Court of Appeals for him to reopen his case or to file a new challenge to his conviction. Accordingly, this court recommends that the defendant's motion be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799 (2007) (per curiam) (prisoner "neither sought nor received authorization from the Court of Appeals before filing . . . a 'second or successive' [habeas] petition challenging his custody, and so the District Court was without jurisdiction to entertain it"); *Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (per curiam) (unpublished table decision) (because prisoner failed to comply with § 2255's certification requirement, district court lacked power and

authority to entertain prisoner's motion); *Davila v. United States*, Nos. C10-3018-MWB, CR01-3006-MWB, 2010 WL 1686488, at *3-4 (N.D. Iowa Apr. 26, 2010). In any event, the defendant does not point to any newly discovered evidence establishing that no reasonable jury would have found him guilty of his drug offense. Further, *Apprendi* is not a new rule of constitutional law retroactively applicable to cases on collateral review. *See United States v. Moss*, 252 F.3d 993, 995 (8th Cir. 2001) (holding that federal prisoners may not raise *Apprendi* claims in initial § 2255 motions); *Rodgers v. United States*, 229 F.3d 704, 706 (8th Cir. 2000) (per curiam) (denying leave to file second § 2255 motion based on *Apprendi* because *Apprendi* not retroactively applicable to cases on collateral review). It also appears that the defendant's motion is barred by the one-year period of limitations. 28 U.S.C § 2255(f); *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (postconviction motions for relief must be filed within one year from date that judgment becomes final).

Accordingly, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b) within fourteen days of the service of this Report and Recommendation, that the defendant's motion (Doc. No. 69) be **dismissed** for lack of jurisdiction or, alternatively, be **denied** as untimely.

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59.

**IT IS SO ORDERED.**

**DATED** this 12th day of August, 2011.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT